IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, successor by merger to SouthTrust Bank, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-CV-00993-MHT-WC |
| | ) | |
| CABANA WEST, L.P., MILES E. HILL, JR., and RUDOLPH H. BEAVER, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIM OF RUDOLPH H. BEAVER**

COMES NOW one of the Defendants, Rudolph H. Beaver, and for his Answer and Counterclaim in the above-described action sets forth and avers as follows:

**ANSWER**

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.    Admitted.

11.    Admitted.

12.    This Defendant admits that the documents involved contain, amongst other terms, a provision for the recovery of attorneys' fees, costs and expenses, but identifies that the instruments, themselves, are the best evidence for such allegation.

13.    This Defendant admits that he executed a personal guaranty, a copy of which is affixed as Exhibit "E" to the Amended Complaint.  The instrument will speak for itself as to its terms.

14.    This Defendant acknowledges that the Guaranty contains terms as identified, but believes that the entire Guaranty must be read as a whole.  The balance of this paragraph is denied.

15.    This Defendant acknowledges that a Demand Letter has been written.  The balance of the paragraph is denied.

16.    Denied.

17.    Denied.

18.    See responses set forth herein above which are incorporated herein by reference.

19.    Denied as written.

20.    This Defendant acknowledges that a demand was written, but denies the balance of the terms of this allegation.

21.    See responses set forth herein above which are incorporated herein by reference.

22.    Denied.

23.    This Defendant admits that a demand was written by Plaintiff, but denies the balance of the allegations.

24.     See responses set forth herein above which are incorporated herein by reference.

25.     This Defendant admits that the instruments contain provisions for attorneys' fees, but contends that the instruments, themselves, are the best evidence for this allegation.

26.     Admitted.

27.     Denied as phrased.

### FIRST AFFIRMATIVE DEFENSE

This Defendant pleads impairment.

### SECOND AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff, Wachovia Bank as successor to SouthTrust Bank, breached the terms of certain other and supplemental contractual provisions, thereby excusing any performance by this Defendant.

### THIRD AFFIRMATIVE DEFENSE

This Defendant avers that the terms of his Guaranty agreement have been altered pursuant to additional and superceding terms of agreement reached between the parties.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff so impaired certain rights of the Borrower and this Defendant as to impede or otherwise prevent completion of the project by the original Borrower.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant avers that the Bank's own actions, inactions or omissions have caused damages sustained by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant avers that the Bank comes into this Court with unclean hands and fails to do equity or seek to do equity.

## COUNTERCLAIM

1.      Counterclaimant, Rudolph H. Beaver ("Beaver"), avers that Cabana West LP executed and entered into a Construction Loan Agreement with SouthTrust Bank on or about December 23, 2004.  A true and correct copy of such Construction Loan Agreement is affixed to the Amended Complaint as Exhibit "A," referred to herein and incorporated by reference.

2.      Paragraph 2.3 of the Construction Loan Agreement identified the terms by which Advance Requests would be handled and honored by the Bank.  One condition of such advance was that Beaver would provide his written approval with respect to such Advance Requests prior to the Plaintiff funding such Request.

3.      Further, Beaver identifies that the "Minimum Equity Contribution" caused to be injected pursuant to Paragraph 2.14.1 in the Construction Loan Agreement was an equity contribution required of Beaver, paid and undertaken with the express understanding that Beaver would be the party making such injection and that the Plaintiff would retain such funds, making distributions to the Project only as described in such paragraph as a part of permitted Advance Requests.

4.      Beaver alleges that many similar or additional terms were contained within the Amendment to Construction Loan Agreement dated September 29, 2006, a copy of which was attached to the Amended Complaint as Exhibit "B."  However, through the execution of such instrument, Wachovia required that the balance of the Minimum Equity Requirement be paid in full

at that time, contrary to the terms of the Construction Loan Agreement as was originally guaranteed by Beaver.

5.    On or about December 19, 2006, at the request of the Plaintiff, the Authorized Representative (the party who submitted Advance Requests to the Bank), was replaced.  As identified in such document, "all future Advance Requests be approved and submitted by Mr. Beaver in his capacity as Authorized Representative . . . ."  Mr. Beaver then was identified as the sole Authorized Representative for the Borrower.

6.    Beaver sets forth and alleges that on several occasions, separate Advance Requests were submitted to the Plaintiff, honored and fully funded by the Plaintiff, without the written approval or consent of Beaver.  Contrary to the terms of the Construction Loan Agreement and the amendments thereto, Beaver did not provide any written authorization for such Advance Requests. And yet, the Bank, in direct and immediate contravention and in breach of the terms of such documents and instruments, as amended, advanced such funds, thereby increasing the amount of any obligation of Borrower and increasing any potential exposure of Beaver.

7.    Beaver avers that the payment or advance of such Advance Requests without his signature and written approval constitute both a breach of the terms of such agreement and further impair any personal obligations he may have in any Guaranty executed by him.  Beaver further avers that use of the Additional Equity funded by Beaver, in a method or manner contrary to the terms as originally provided and as originally agreed upon by Beaver, further constitute a breach of his Guaranty and/or an impairment of such Guaranty.

WHEREFORE, PREMISES CONSIDERED, Beaver demands judgment against Wachovia Bank for the sum of $6,053.61 plus interest.  Beaver further seeks such other, different and further relief as to which he may be entitled.

/s/Lee R. Benton
Lee R. Benton
ASB: 8421-E63L
**Attorney for Rudolph H. Beaver**

OF COUNSEL:

BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205) 278-8000 Telephone
(205) 278-8008 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading by electronic transmission or by first class mail to the following on this the 29th day of January, 2008:

D. Christopher Carson
Jason D. Woodard
Jennifer A. Harris
Burr & Forman, LLP
420 North 20th Street
Suite 3400 - Wachovia Tower
Birmingham, Alabama 35203

T. Daniel Brannon
William J. Sheppard
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

/s/Lee R. Benton
Of Counsel