

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED 2008 FEB 11 P 3:37 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

WACHOVIA BANK, N.A.,

Plaintiff/Counterclaim Defendant,

v.

CIVIL ACTION FILE NO. 3:07-CV-993-MHT-WC

CABANA WEST, L.P., MILES E. HILL, JR., and RUDOLPH BEAVER,

Defendants/Counterclaim Plaintiffs.

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Pursuant to Rules 12 and 13 of the Federal Rules of Civil Procedure, Cabana West, L.P. (the "Owner") and Miles E. Hill, Jr. hereby file their Answer and Affirmative Defenses to the First Amended Complaint filed by Wachovia Bank, N.A. (the "Bank") and their Counterclaim against the Bank, showing this Court as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Bank's Complaint should be dismissed based upon the failure to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Bank's Complaint should be dismissed based upon the Bank's own wrongful actions.

**THIRD DEFENSE**

The Bank's Complaint should be dismissed in whole or in part based upon application of the doctrines of waiver, estoppel, laches, set-off, and/or recoupment.

**FOURTH DEFENSE**

The Bank's Complaint is barred in whole or in part by the Bank's attempt to charge a usurious rate of interest.

**FIFTH DEFENSE**

The Bank's Complaint should be dismissed as to Mr. Hill based on the parties' agreement to additional and superceding terms to his guaranty.

**SIXTH DEFENSE**

The Bank's Complaint should be dismissed as to Mr. Hill based on the Bank's impairment of the right of the Owner so as to impede and/or prevent completion of the subject project.

**SEVENTH DEFENSE**

The Bank's Complaint should be dismissed in whole or in part as a result of the Bank's unclean hands.

**ANSWER**

Subject to and without waving the foregoing Affirmative Defenses, the Owner and Mr. Hill (collectively the "Defendants") respond to the individually numbered paragraphs of the Bank's Complaint as follows:

1.

Upon information and belief, the Defendants admit the averments contained in paragraph 1 of the Bank's Complaint.

2.

The Owner admits the averments contained in paragraph 2 of the Bank's Complaint.

3.

Mr. Hill admits the averments contained in paragraph 3 of the Bank's Complaint.

4.

Upon information and belief, the Defendants admit the averments contained in paragraph 4 of the Bank's Complaint.

5.

The Defendants admit the averments contained in paragraph 5 of the Bank's Complaint.

6.

The Defendants admit the averments contained in paragraph 6 of the Bank's Complaint.

7.

The Defendants admit the averments contained in paragraph 7 of the Bank's Complaint.

8.

The Defendants admit the averments contained in paragraph 8 of the Bank's Complaint.

9.

The Defendants admit the averments contained in paragraph 9 of the Bank's Complaint.

10.

The Defendants admit the averments contained in paragraph 10 of the Bank's Complaint.

11.

The Defendants admit the averments contained in paragraph 11 of the Bank's Complaint.

12.

The Defendants admit the averments contained in paragraph 12 of the Bank's Complaint.

13.

The Defendants admit the averments contained in paragraph 13 of the Bank's Complaint.

14.

Mr. Hill denies the averments contained in paragraph 14 of the Bank's Complaint to the extent that they vary from or contradict the terms of the guaranty agreement between the parties.

15.

The Defendants admit that the Bank made demand for payment as alleged in paragraph 15 of the Bank's Complaint. The

Defendants deny the remaining averments contained in paragraph 16.

16.

The Defendants deny the averments contained in paragraph 16 of the Bank's Complaint.

17.

The Defendants deny the averments contained in paragraph 18 of the Bank's Complaint.

**COUNT I**

18.

The Defendants restate and incorporate by reference as if set forth fully herein the responses contained in paragraphs 1 through 17 above.

19.

The Defendants deny the averments contained in paragraph 19 of the Bank's Complaint as written.

20.

The Defendants deny the averments contained in paragraph 20 of the Bank's Complaint.

**COUNT II**

21.

The Defendants restate and incorporate by reference as if set forth fully herein the responses contained in paragraphs 1 through 20 above.

22.

The Defendants deny the averments contained in paragraph 22 of the Bank's Complaint.

23.

The Defendants deny the averments contained in paragraph 23 of the Bank's Complaint.

**COUNT III**

24.

The Defendants restate and incorporate by reference as if set forth fully herein the responses contained in paragraphs 1 through 23 above.

25.

The Defendants deny the averments contained in paragraph 25 of the Bank's Complaint.

26.

The Defendants deny the averments contained in paragraph 26 of the Bank's Complaint.

27.

The Defendants deny the averments contained in paragraph 27 of the Bank's Complaint.

28.

The Defendants deny that the Bank is entitled to any of the relief sought in the various *ad damnum* paragraphs of the Complaint.

29.

The Defendants deny each and every averment contained in the Bank's Complaint that is not specifically admitted or denied above.

**COUNTERCLAIM**

1.

By filing this action, the Bank has submitted to personal jurisdiction and venue in this Court.

2.

This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367.

3.

The Owner entered into an agreement with the Bank pursuant to which the Bank agreed to provide financing for the construction of a project known as "The Lofts at 5300 Peachtree" (the "Project").

4.

During the course of the Project, the Bank assumed control of the Project. Among other things, the Bank required that the Owner change its internal control arrangements and direct responsibility for the success of the Project.

5.

The Owner objected to the directives that the Bank imposed on it, but the Bank insisted.

6.

As a result of the Bank's action, a person without the requisite knowledge or experience was placed in control of the Owner and the Project.

7.

Additionally, the Bank required that the Owner retain and pay for certain inspectors (the "Bank Inspectors") to be involved in the Project. The Bank Inspectors were to ensure that the Project was completed in a timely and cost effective manner.

8.

The Bank Inspectors failed to perform their duties in a good and workmanlike manner and the Project suffered as a result.

9.

During the course of the Project, the Bank repeatedly promised the Owner that the Bank would re-structure and/or extend the loan if the Owner undertook certain activities. The Owner complied with the Bank's requests and expended significant sums of money based on the Bank's promises.

10.

After the Owner complied with the Bank's requests, the Bank refused to perform as promised.

**COUNT 1 - LENDER LIABILITY**

11.

The Defendants restate and incorporate by reference as if set forth fully herein the averments contained in paragraphs 1 through 10 of the Counterclaim above.

12.

By its actions set forth above, the Bank assumed toward the Defendants a fiduciary relationship.

13.

By its actions as set forth above, the Bank assumed toward the Defendants a duty to ensure that the Project was completed in an efficient and cost-effective manner.

14.

The Bank owed the Defendants a duty to act in a good faith and to deal fairly with the Defendants in connection with the loan and the Project.

15.

By its acts and omissions as set forth above, the Bank has breached its duties to the Defendants.

16.

As a direct and proximate result of the Bank's wrongful acts and omissions as set forth above, the Defendants have suffered losses, costs, injuries, and damages in an amount to be determined at trial.

17.

As a result of the Bank's wrongful acts and omissions as set forth above, the Bank should be estopped from enforcing the terms of the contracts at issues in this action.

18.

By its acts and omissions as set forth above, the Bank has acted in bad faith, has been stubbornly litigious, and/or has caused the Defendants unnecessary trouble and expense, entitling the Defendants to recover their costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the Defendants pray this Court,

(1) Enter judgment against the Bank and in favor of the Defendants on each and every Count contained in the Bank's Complaint;

(2) Enter judgment against the Bank and in favor of the Defendants under the Counterclaim and award the Defendants damages in an amount to be proven at trial, but which amount is not less than $5,000,000, plus interest as allowed by law;

(3) Award the Defendants their costs and expenses of this action, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11;

(4) Tax all costs of this action against the Bank; and

(5) Grant the Defendants such other and further relief as the Court deems just and proper.

This 8th day of February, 2008.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By: [signature]
William J. Sheppard
Georgia Bar No. 641980
Pro Hac Motion Pending

Attorneys for Cabana West and Miles Hill

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000
(404) 365-9532 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| WACHOVIA BANK, N.A., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | CIVIL ACTION FILE |
| v. | ) | NO. 3:07-CV-993-MHT-WC |
| | ) | |
| CABANA WEST, L.P., MILES E. HILL, JR., and RUDOLPH BEAVER, | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have caused service of the within and foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** to be served upon all parties in the above-styled action via United States Mail, addressed to the following:

D. Christopher Carson, Esq.
Jason Woodard, Esq.
Burr & Forman, LLP
420 North 20th Street
Suite 4300 - Wachovia Tower
Birmingham, Alabama 35203

Lee R. Benton, Esq.
Benton & Centeno, LLP
2019 Third Avenue
Birmingham, Alabama 35203

This 8th day of February, 2008.

William J. Sheppard
Georgia Bar No. 641980