# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, successor by merger to SouthTrust Bank<br><br>    Plaintiff,<br><br>v.<br><br>CABANA WEST, L.P., MILES E. HILL, JR. and RUDOLPH H. BEAVER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:07-cv-993-MHT-WC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WACHOVIA BANK, NATIONAL ASSOCIATION'S REPLY TO THE COUNTERCLAIM OF RUDOLPH H. BEAVER

**COMES NOW** Wachovia Bank, National Association, in its capacity as successor by merger to SouthTrust Bank ("Wachovia"), and hereby replies (this "Reply") to the counterclaim (the "Counterclaim") filed by Rudolph H. Beaver ("Beaver") against Wachovia as follows:

### FIRST DEFENSE

For its first defense, Wachovia responds to each of the numbered paragraphs of the Counterclaim as follows:

1.    Wachovia admits the allegations of paragraph 1.

2.    Wachovia responds to the allegations of paragraph 2 of the Counterclaim by stating that the Construction Loan Agreement speaks for itself. To the extent the allegations of the Counterclaim contradict the Construction Loan Agreement, Wachovia denies said allegations and demands strict proof thereof. Further, to the extent the averments of paragraph 2 are

intended to allege any wrongdoing by or liability of Wachovia, Wachovia expressly denies same and demands strict proof thereof.

3. Wachovia responds to the allegations of paragraph 3 of the Counterclaim by stating that the Construction Loan Agreement speaks for itself. To the extent the allegations of the Counterclaim contradict the Construction Loan Agreement, Wachovia denies said allegations and demands strict proof thereof. Further, to the extent the averments of paragraph 3 are intended to allege any wrongdoing by or liability of Wachovia, Wachovia expressly denies same and demands strict proof thereof.

4. Wachovia responds to the allegations of paragraph 4 of the Counterclaim by stating that the Amendment to Construction Loan Agreement speaks for itself. To the extent the allegations of the Counterclaim contradict the Amendment to Construction Loan Agreement, Wachovia denies said allegations and demands strict proof thereof. Further, to the extent the averments of paragraph 4 are intended to allege any wrongdoing by or liability of Wachovia, Wachovia expressly denies same and demands strict proof thereof.

5. Wachovia admits that by letter agreement (the "Letter Agreement") dated December 19, 2006 and signed in late January of 2008 by Rudolph Beaver and Miles Hill, in his individual capacity and capacity as managing member of Cabana West, L.P. ("Borrower), Rudolph Beaver was substituted for Miles Hill as the Authorized Representative for Borrower. Wachovia further admits that, pursuant to section 2.4 of the Construction Loan Agreement, the Authorized Representative serves as Borrower's agent to submit Advance Requests. Wachovia responds to the remaining allegations of paragraph 5 of the Counterclaim by stating that the Letter Agreement speaks for itself. To the extent the allegations of the Counterclaim contradict the Letter Agreement, Wachovia denies said allegations and demands strict proof thereof.

Further, to the extent the averments of paragraph 5 are intended to allege any wrongdoing by or liability of Wachovia, Wachovia expressly denies same and demands strict proof thereof.

6. Wachovia denies the allegations of paragraph 6 of the Counterclaim and demands strict proof thereof.

7. Wachovia denies the allegations of paragraph 7 of the Counterclaim and demands strict proof thereof.

Wachovia denies the averments of the unnumbered paragraph beginning with "WHEREFORE" and demands strict proof thereof. Wachovia specifically denies that Beaver is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## SECOND DEFENSE

To the extent that any of the allegations in the Counterclaim have not been expressly admitted or denied, they are hereby denied.

## THIRD DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Beaver's claims, in whole or in part, are barred by virtue of the doctrines of recoupment and/or setoff.

## FIFTH DEFENSE

Beaver's claims are barred, in whole or in part, by his failure to adhere to and perform contractual conditions.

## SIXTH DEFENSE

Beaver's claims are barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

Beaver's claims are barred by applicable statutes of limitations and/or the doctrine of laches.

**EIGHT DEFENSE**

Beaver's claims for damages must fail to the extent that he has failed to mitigate any damages he may have suffered.

**NINTH DEFENSE**

Beaver's claims are barred, in whole or in part, by the economic loss rule and the independent tort doctrine, and any duties allegedly owed Beaver by Wachovia are purely contractual and defined by the terms and conditions of the contracts between the parties.

**TENTH DEFENSE**

The claims asserted in the Counterclaim are barred, in whole or in part, by the doctrines of res judicata, estoppel, waiver, release, acquiescence, consent and justification.

**ELEVENTH DEFENSE**

Pursuant to that certain Guarantors' Consent and Reaffirmation dated as of September 29, 2006 and signed by Beaver in favor of Wachovia (the "Guarantor Consent"), Beaver consented to the terms of the Amendment to Loan Agreement.

**TWELFTH DEFENSE**

Pursuant to the Guarantor Consent, Beaver released and forever discharged Wachovia of and from any and all claims, demands, liabilities and causes of action of every kind or nature, whether known or unknown, suspected or unsuspected, contingent or matured, concealed, hidden, latent or patent, which existed, or may have in the past existed, as of the date of the Guarantor Consent, arising out of or in any way connected with any occurrences, acts, omissions or transactions involving, directly or indirectly, Beaver's guaranty, any other loan document, any

of the obligations guaranteed by Beaver, or any transactions or dealings between Wachovia and Borrower or any guarantor of Borrower's indebtedness to Wachovia, including transactions or dealings between Wachovia and Beaver.

### THIRTEENTH DEFENSE

Pursuant to the terms of the Construction Loan Agreement, section 2.10, regardless of whether Borrower has submitted an Advance Request therefor, Lender may from time to time make Advances for payment of amounts that become due for nonconstruction expenses for which Borrower is responsible for payment, including, but not limited to, interest on the Loan.

          /s/ Jennifer A. Harris
          D. Christopher Carson (CAR099)
          Jason D. Woodard (WOO095)
          Jennifer A. Harris (HAR273)

          Counsel for Wachovia Bank, N.A.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400 - Wachovia Tower
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 18th day of February, 2008:

William Joseph Sheppard
Morris, Manning & Martin, LLP
Counsel for Cabana West, LP and
Miles E. Hill, Jr.
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
bsheppard@mmmlaw.com

Lee R. Benton
Benton & Centeno, LLP
Counsel for Rudolph H. Beaver
2019 Third Avenue North
Birmingham, AL 35203
lbenton@bcattys.com

             /s/ Jennifer A. Harris
             OF COUNSEL