IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

WACHOVIA BANK, N.A.,                    )
                                        )
    Plaintiff/Counterclaim          )
    Defendant,                      )    CIVIL ACTION FILE
v.                                      )    NO. 3:07-CV-993-MHT-WC
                                        )
CABANA WEST, L.P.,                      )
MILES E. HILL, JR., and                 )
RUDOLPH BEAVER,                         )
                                        )
    Defendants/Counterclaim         )
    Plaintiffs.                     )

## AMENDED COUNTERCLAIM

Pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure, Cabana West, L.P. (the "Owner") and Miles E. Hill, Jr. hereby file their Amended Counterclaim against the Bank, showing this Court as follows:

## COUNTERCLAIM

1.

By filing this action, the Bank has submitted to personal jurisdiction and venue in this Court.

2.

This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367.

3.

The Owner entered into an agreement (the "Construction Loan Agreement") with the Bank pursuant to which the Bank agreed to

provide financing for the construction of a project known as "Cabana West" (the "Project").

4.

After entering into the Construction Loan Agreement and during the course of the Project, the Bank assumed control of the Project. Among other things, the Bank required that the Owner change its internal control arrangements and direct responsibility for the success of the Project.

5.

The Owner objected to the directives that the Bank imposed on it, but the Bank insisted.

6.

As a result of the influence that he Bank exerted, the Owner and those person associated with the Owner had not ability to assert an independent will or to pursue actions in opposition to the Bank's direction for the Owner.

7.

The Bank's actions were undertaken in bad faith and with the intention of causing harm to Cabana and Mr. Hill.

8.

As a result of the Bank's action, a person without the requisite knowledge or experience was placed in control of the Owner and the Project.

9.

Additionally, the Bank required that the Owner retain and pay for certain inspectors (the "Bank Inspectors") to be involved in the Project. The Bank Inspectors were to ensure that the Project was completed in a timely and cost effective manner.

10.

The Bank Inspectors failed to perform their duties in a good and workmanlike manner and the Project suffered as a result.

11.

During the course of the Project, the Bank repeatedly promised the Owner that the Bank would re-structure and/or extend the loan if the Owner undertook certain activities.

12.

The Owner reasonably relied on the Bank's promises and complied with the Bank's requests.

13.

In doing so, the Owner expended significant sums of money.

14.

After the Owner complied with the Bank's requests, the Bank refused to perform as promised and, instead, called the loan to the Owner into default.

15.

The Bank has taken similar improper actions and exerted similar improper control with regard to the 5300 Peachtree Project.

16.

Bu its actions, the Bank has moved beyond the activities of a conventional lender and has assumed a fiduciary duty to the Owner and Mr. Hill.

17.

As a result, of the Bank's improper actions in connection with the Project, the 5300 Peachtree Project, Mr. Hill has suffered losses, costs, injuries, and damages in an amount to be determined at trial, but which are not less than $5,000,000.

18.

All conditions precedent to Cabana West's and Mr. Hill's right to maintain this action have occurred, have been satisfied, and/or have been waived.

## COUNT 1 – LENDER LIABILITY

19.

The Defendants restate and incorporate by reference as if set forth fully herein the averments contained in paragraphs 1 through 18 of the Counterclaim above.

20.

By its actions set forth above, the Bank assumed toward the Defendants a fiduciary relationship.

21.

By its actions as set forth above, the Bank assumed toward the Defendants a duty to ensure that the Project and/or the 5300 Project were completed in an efficient and cost-effective manner.

22.

The Bank owed the Defendants a duty to act in a good faith and to deal fairly with the Defendants in connection with the loan, the Project, and/or the 5300 Peachtree Project.

23.

By its acts and omissions as set forth above, the Bank has breached its duties to the Defendants.

24.

As a direct and proximate result of the Bank's wrongful acts and omissions as set forth above, the Defendants have suffered losses, costs, injuries, and damages in an amount to be determined at trial.

25.

As a result of the Bank's wrongful acts and omissions as set forth above, the Bank should be estopped from enforcing the terms of the contracts at issues in this action.

26.

By its acts and omissions as set forth above, the Bank has acted in bad faith, has been stubbornly litigious, and/or has caused the Defendants unnecessary trouble and expense, entitling the Defendants to recover their costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the Defendants pray this Court,

(1)  Enter judgment against the Bank and in favor of the Defendants under the Counterclaim and award the Defendants damages in an amount to be proven at trial, but which amount is not less than $5,000,000, plus interest as allowed by law;

(2)  Award the Defendants their costs and expenses of this action, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11;

(3)  Tax all costs of this action against the Bank; and

(4)  Grant the Defendants such other and further relief as the Court deems just and proper.

This 1st day of April, 2008.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By: _____
William J. Sheppard
Georgia Bar No. 641980
Admitted Pro Hac Vice

Attorneys for Cabana West
and Miles Hill

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000
(404) 365-9532 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

WACHOVIA BANK, N.A.,                    )
                                        )
    Plaintiff/Counterclaim              )
    Defendant,                          )    CIVIL ACTION FILE
v.                                      )    NO. 3:07-CV-993-MHT-WC
                                        )
CABANA WEST, L.P.,                      )
MILES E. HILL, JR., and                 )
RUDOLPH BEAVER,                         )
                                        )
    Defendants/Counterclaim             )
    Plaintiffs.                         )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the within and foregoing **AMENDED COUNTERCLAIM** to be served upon all parties in the above-styled action via United States Mail, addressed to the following:

> D. Christopher Carson, Esq.
> Jason Woodard, Esq.
> Burr & Forman, LLP
> 420 North 20th Street
> Suite 4300 – Wachovia Tower
> Birmingham, Alabama 35203
>
> Lee R. Benton, Esq.
> Benton & Centeno, LLP
> 2019 Third Avenue
> Birmingham, Alabama 35203

This _1st_ day of April, 2008.

_____
William J. Sheppard
Georgia Bar No. 641980

MMMBUCKHEAD-#1867857-v2-CHARTER-Cabana_Answer.DOC