IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WACHOVIA BANK, N.A., )<br><br>    Plaintiff/Counterclaim )<br>    Defendant, )<br>v. )<br>    )<br>CABANA WEST, L.P., )<br>MILES E. HILL, JR., and )<br>RUDOLPH BEAVER, )<br>    )<br>    Defendants/Counterclaim )<br>    Plaintiffs. ) | CIVIL ACTION FILE<br>NO. 3:07-CV-993-MHT-WC |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

COME NOW, Cabana West, L.P. (the "Owner") and Miles E. Hill, Jr., and file their Memorandum of Law in Opposition to Wachovia Bank's (the "Bank") Motion to Dismiss, showing this Court as follows:

### INTRODUCTION AND STATEMENT OF FACTS

1.

The Bank commenced this action ostensibly to collect on a debt relating to the construction of the "Cabana West" project (the "Project") located in Bay County, Florida.

2.

In this action, Cabana West and Mr. Hill have asserted a counterclaim against the Bank based on improper actions that it took in connection with the Project. Specifically, Cabana West and Mr. Hill allege that the Bank assumed control and/or exerted

improper influence over Cabana West in connection with the Project.  [Amended Counterclaim ¶ 4.]

3.

According to the allegations in Cabana West's and Mr. Hill's pleadings, the Bank's improper actions took place after the execution of the initial loan documents and during the course of the construction of the Project.  [Amended Counterclaim ¶ 4.]

4.

As a result of the Bank's improper actions, Cabana West and Mr. Hill allege that they have suffered losses, costs, injuries, and damages in an amount not less than $5,000,000.  [Amended Counterclaim ¶¶ 5-17.]

5.

The Bank has commenced a similar action against Mr. Hill and another entity with which he is involved relating to a construction project located in Atlanta, Georgia (the "5300 Peachtree Project").  That parallel action (the "5300 Peachtree Action") is pending in the Middle District of Alabama and has been assigned Civil Action File No. 3:07-CV-1097-WC.

6.

In the 5300 Peachtree Action, the Bank has asserted similar claims against Mr. Hill and an entity with which he is involved ("5300 Peachtree").  Mr. Hill and 5300 Peachtree have asserted

defenses and counterclaims in that case similar to those presented here.

### 7.

The Bank has also filed a Motion to Dismiss in the 5300 Peachtree Action similar to that filed in this case.

### 8.

The Court in the 5300 Peachtree Action has recently entered an Order denying the Bank's Motion to dismiss. True and correct copy of the Bank's Motion to Dismiss and the Order denying that Motion are attached hereto and incorporated herein by reference as Exhibits A and B, respectively.

### 9.

Mr. Hill's and Cabana West's counterclaim in this action is based on the Bank's improper and bad faith actions occurring after the execution of the initial loan documents and in connection with the ongoing relationship between the parties on the Cabana West Project and/or the 5300 Peachtree Project.

### ARGUMENT AND CITATION OF AUTHORITIES

### 10.

"When considering a motion to dismiss, 'a complaint should not be dismissed for failure to state a claim unless sit appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" _In re_

MMMBUCKHEAD-#1943424-v1-CHARTER-

iPCS, Inc., 297 B.R. 283, 292 (N.D. Ga. 2003) (quoting Conley v. Gibson, 355 U.S. 41 -45-46 (1957)).

11.

"'As this standard indicates, the complaint must be construed in the light most favorable to the plaintiff, and the facts alleged must be accepted as true.'"  Id. (quoting In re Jones, 277 B.R. 816 (Bankr. M.D. Ga. 2001)).

12.

The sin qua non of a lender liability action is that the lender has moved beyond the typical borrower/lender relationship and exerted improper control over a borrower in causing the borrower harm.  See Jordan v. Atlanta Neighborhood Housing Servs., Inc., 171 Ga. App. 467, 320 S.E.2d 215 (1984).

13.

That is precisely what Cabana West and Mr. Hill have alleged in the counterclaim in this action.

14.

Assuming that the allegations contained in the counterclaim in this action are accurate, it is beyond question that Cabana West and Mr. Hill have alleged facts that would support a claim against the Bank.

Cabana Opp To Mot to Dismiss.DOC

MMMBUCKHEAD-#1943424-v1-CHARTER-

15.

Under the circumstances presented in this action, the Bank's Motion to Dismiss should be denied.[1]

This ___ day of April, 2008.

                                    Respectfully submitted,

                            MORRIS, MANNING & MARTIN, LLP

                            By: _____
                               William J. Sheppard
                               Georgia Bar No. 641980
                               Admitted Pro Hac Vice

                            Attorneys for Cabana West
                            and Miles Hill

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000
(404) 365-9532 (fax)

---

[1]    To the extent that any question existed regarding whether Cabana West and Mr. Hill stated a claim upon which relief might be granted, that question has been resolved by the filing of the Amended Counterclaim against the Bank. A copy of that document 6is attached to this brief as Exhibit C.

Cabana Opp To Mot to Dismiss.DOC    MMMBUCKHEAD-#1943424-v1-CHARTER-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

WACHOVIA BANK, N.A.,                    )
                                        )
     Plaintiff/Counterclaim             )
     Defendant,                         )   CIVIL ACTION FILE
v.                                      )   NO. 3:07-CV-993-MHT-WC
                                        )
CABANA WEST, L.P.,                      )
MILES E. HILL, JR., and                 )
RUDOLPH BEAVER,                         )
                                        )
     Defendants/Counterclaim            )
     Plaintiffs.                        )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the within and foregoing **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS** to be served upon all parties in the above-styled action via United States Mail, addressed to the following:

> D. Christopher Carson, Esq.
> Jason Woodard, Esq.
> Burr & Forman, LLP
> 420 North 20th Street
> Suite 4300 – Wachovia Tower
> Birmingham, Alabama 35203

> Lee R. Benton, Esq.
> Benton & Centeno, LLP
> 2019 Third Avenue
> Birmingham, Alabama 35203

This ___1st___ day of April, 2008.

_____
William J. Sheppard
Georgia Bar No. 641980

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

**WACHOVIA BANK, NATIONAL**
**ASSOCIATION, successor by merger to**
**SouthTrust Bank**

        **Plaintiff,**

**v.**

**5300 PEACHTREE, L.P., MILES E.**
**HILL, JR. and FRED BENNETT,**

        **Defendants.**

**CASE NO. 3:07-CV-1097-WC**

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

**COMES NOW** Wachovia Bank, National Association, successor by merger to SouthTrust Bank ("Wachovia"), and, pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure (the "Rules"), moves this Court (this "Motion") to dismiss the counterclaim filed by defendants 5300 Peachtree, L.P. ("5300 Peachtree") and Miles E. Hill, Jr. ("Hill," and together with 5300 Peachtree, the "Counterclaimants") against Wachovia in the above-captioned civil action, or, in the alternative, to require the Defendants to make a more definite statement with regard to the claims asserted against Wachovia. In support of this Motion, Wachovia relies on the record before this Court and states as follows:

**EXHIBIT A**

EXHIBIT A

1647215 v2

## BACKGROUND

1.    On December 18, 2007 Wachovia filed a complaint (the "Complaint") against 5300 Peachtree, Hill and Fred Bennett ("Bennett") in the United Stated District Court for the Middle District of Alabama, commencing the above-captioned civil action (this "Case"). This Court has original jurisdiction of the Case pursuant to 28 U.S.C. § 1332.

2.    In the Complaint, Wachovia asserts claims against 5300 Peachtree for breach of promissory note and against Hill and Bennett for breach of guaranties, relating to a loan made by Wachovia to 5300 Peachtree.

3.    Both Counterclaimants were served with the Complaint on January 2, 2008.

4.    On February 11, 2008, 5300 Peachtree and Hill filed their answer to the Complaint which includes a counterclaim (the "Counterclaim") against Wachovia.

5.    The Counterclaim consists of one count entitled "LENDER LIABILITY" and seeks damages in excess of $5,000,000.00. The claims asserted within the single count of the Counterclaim include breach of fiduciary duty, breach of duty to ensure that the subject construction project (the "Project") was completed in a timely and cost-efficient manner, and breach of the duty of good faith and fair dealing.

6.     As set forth in greater detail below, Counterclaimants 5300 Peachtree and Hill have failed to allege facts which, if proven, would entitle the Counterclaimants to relief against Wachovia.

7.     "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F. 3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F. 3d 1014, 1036 n. 16 (11th Cir. 2001)).

8.     Accordingly, the Counterclaim is due to be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[1]

---

[1] In making a 12(b)(6) determination, the court may consider the text of any and all documents "referenced in, or central to, the allegations of the complaint." *Bickley v. Caremark RX, Inc.*, 361 F. Supp. 2d 1317, 1323 (N.D. Ala. 2004). If a plaintiff refers to documents in the complaint and those documents are "central to the plaintiff's claim, then the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997). The defendant may attach any such documents to the motion to dismiss, and such attachment will not convert the motion into a motion for summary judgment. *Id. See also Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F. 2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F. 2d 97, 100 (5th Cir. 1974) (stating that a writing controls where allegations in the complaint are based upon a writing and the writing contradicts the allegations). The Counterclaim references an "agreement with Bank pursuant to which Bank agreed to provide financing for the construction of a project." *See* Counterclaim, 3. The loan agreement referenced in the Counterclaim (the "Loan Agreement") is central to the allegations of the Counterclaim. As such, this Court may consider the text of the Loan Agreement in ruling on this Motion. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A and incorporated herein by reference.

## ARGUMENT

9.    In the Counterclaim, 5300 Peachtree and Hill allege in the most conclusory fashion imaginable that Wachovia assumed a fiduciary relationship toward the Counterclaimants and that, through its actions, Wachovia breached its fiduciary duties to the Counterclaimants.  To support the argument that Wachovia owes fiduciary duties to the Counterclaimants, Hill and 5300 Peachtree broadly allege that Wachovia "assumed control" of the subject project by requiring that 5300 Peachtree change its internal control arrangements, resulting in control of the project by a person without the requisite knowledge and experience, and that Wachovia required 5300 Peachtree to retain and pay for inspectors.  The Counterclaim is not supported by specific factual averments, regarding the alleged changes of people involved.

10.    Under Georgia law in order for Wachovia to stand in a fiduciary relationship to its borrower "special circumstances" must exist.  *See Curtis v. First Nat. Bank of Commerce*, 280 S.E.2d 404 (Ga. 1981) ("In the absence of special circumstances, there is no fiduciary relationship between a bank and its borrowers.");  *see also Pardue v. Bankers First Federal Sav. & Loan Ass'n,* 334 S.E.2d 926, 927 (Ga. App. 1985) (explaining that generally there is "no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests").  Courts have

rejected that a fiduciary relationship is created where lenders have given advice to borrowers. *See C & S Nat. Bank, etc. v. Arnold,* 240 S.E.2d 3, 4 (Ga. 1977) ("There is no confidential relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past."); *see also First American Bank v. Bishop*, 239 Ga. 809, 239 S.E.2d 19 (1977); *Russell Corp. v. BancBoston Financial Co.*, 434 S.E.2d 716 (Ga. 1993). Further, "[t]he mere fact that one reposes trust and confidence in another does not create a confidential relationship. 'In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone.'" *Moore v. Bank of Fitzgerald*, 483 S.E.2d 135, 139 (Ga. App. 1997) (quoting *Dover v. Burns*, 196 S.E. 785 (Ga. 1938); Lewis v. Alderman, 162 S.E.2d 440 (Ga. App. 1968)).

11.    Counterclaimants have been unable to plead facts sufficient to establish the existence of special circumstances. Therefore, 5300 Peachtree and Hill cannot maintain an action for breach of fiduciary duty against Wachovia.

12.    The Counterclaimants also claim that Wachovia has "assumed toward the Counterclaimants a duty to ensure that the Project was completed in an efficient and cost-effective manner" *See* Counterclaim ¶ 13. In support of this claim, the Counterclaimants allege that 5300 Peachtree was required to retain and pay for certain inspectors and that the inspectors were to ensure that the subject

project was completed in a timely and cost effective manner. *See* Counterclaim ¶ 7.

13.    Counterclaimants are not able to plead that Wachovia ensured that the Project would be completed in an timely and cost-effective manner. In fact, the Loan Agreement expressly provides that "Lender has not undertaken and exclaims any duty or responsibility to inspect the construction progress or to monitor the proper application by General Contractor or others of funds pursuant hereto on behalf of Borrower, and Borrower acknowledges and agrees that it must satisfy itself as to the status of construction, the workmanship and materials used therein, and the application of moneys by General Contractor or others." *See* Exhibit A, ¶ 2.7.

14.    Therefore, Counterclaimants cannot maintain a claim against Wachovia for failure to ensure that the subject construction project was completed in an efficient and cost-effective matter.

15.    Finally, the Counterclaimants assert that Wachovia is liable for breach of the duty of good faith and fair dealing.

16.    Under the laws of the state of Georgia "there is no independent cause of action for violation of the covenant [of good faith and fair dealing] apart from breach of an express term of the contract." *Morrell v. Wellstar Health System, Inc.*, 633 S.E.2d 68, 72 (Ga. App. 2006) (citing *Stuart Enterprises Intl. v. Peykan, Inc.*,

555 S.E.2d 881 (2001)). The Eleventh Circuit, in interpreting Georgia law, explained this concept when it stated "the 'covenant' [to perform in good faith] is not an independent contract term. It is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure." *Alan's of Atlanta, Inc. v. Minolta Corp.,* 903 F.2d 1414, 1429 (11th Cir. 1990).

17.    The Counterclaimants do not assert any claim for breach of the Loan Agreement or other loan documents in their Counterclaim, nor do they allege any facts that would suggest that Wachovia has breached any written contract terms. Significantly, the Loan Agreement provides that no loan document can be altered, modified, amended, waived, extended, changed, discharged or terminated orally, but only by an agreement in writing signed by the party against whom enforcement is sought. *See* Exhibit A, ¶ 9.7.

18.    Therefore, Wachovia cannot be adjudged liable for breach of the duty of good faith and fair dealing based on the facts alleged in the Counterclaim.

## CONCLUSION

WHEREFORE Wachovia requests that this Court enter an order dismissing, with prejudice, the Counterclaim against Wachovia in its entirety. Alternatively, Wachovia requests that this Court enter an order directing the Plaintiffs to make a more definite statements with respect to the Counterclaim.

/s/ Jason D. Woodard
D. Christopher Carson
Jason D. Woodard
Jennifer A. Harris

Attorneys for Plaintiff
WACHOVIA BANK, NATIONAL
ASSOCIATION

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 3rd day of March, 2008:

William Joseph Sheppard
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
404-233-7000
Fax: 404-365-9532
Email: bsheppard@mmmlaw.com

Lee R. Benton
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, AL 35203
205-278-8000
Fax: 205-278-8008
Email: lbenton@bcattys.com

                         /s/ Jason D. Woodard
                         OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, successor by merger to SouthTrust Bank, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:07cv1097-MHT |
| | ) | |
| 5300 PEACHTREE, L.P.; MILES E. HILL, JR.; and FRED BENNETT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

It is ORDERED that the motion to dismiss (Doc. No.
15) and alternative motion for more definite statement
(Doc. No. 15) are denied.

DONE, this the 20th day of March, 2008.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE


EXHIBIT  B

EXHIBIT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

WACHOVIA BANK, N.A.,              )
                                 )
    Plaintiff/Counterclaim    )
    Defendant,                )   CIVIL ACTION FILE
v.                               )   NO. 3:07-CV-993-MHT-WC
                                 )
CABANA WEST, L.P.,               )
MILES E. HILL, JR., and          )
RUDOLPH BEAVER,                  )
                                 )
    Defendants/Counterclaim   )
    Plaintiffs.               )

## AMENDED COUNTERCLAIM

Pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure, Cabana West, L.P. (the "Owner") and Miles E. Hill, Jr. hereby file their Amended Counterclaim against the Bank, showing this Court as follows:

## COUNTERCLAIM

1.

By filing this action, the Bank has submitted to personal jurisdiction and venue in this Court.

2.

This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367.

3.

The Owner entered into an agreement (the "Construction Loan Agreement") with the Bank pursuant to which the Bank agreed to

EXHIBIT C

EXHIBIT C

provide financing for the construction of a project known as "Cabana West" (the "Project").

4.

After entering into the Construction Loan Agreement and during the course of the Project, the Bank assumed control of the Project.  Among other things, the Bank required that the Owner change its internal control arrangements and direct responsibility for the success of the Project.

5.

The Owner objected to the directives that the Bank imposed on it, but the Bank insisted.

6.

As a result of the influence that he Bank exerted, the Owner and those person associated with the Owner had not ability to assert an independent will or to pursue actions in opposition to the Bank's direction for the Owner.

7.

The Bank's actions were undertaken in bad faith and with the intention of causing harm to Cabana and Mr. Hill.

8.

As a result of the Bank's action, a person without the requisite knowledge or experience was placed in control of the Owner and the Project.

9.

Additionally, the Bank required that the Owner retain and pay for certain inspectors (the "Bank Inspectors") to be involved in the Project. The Bank Inspectors were to ensure that the Project was completed in a timely and cost effective manner.

10.

The Bank Inspectors failed to perform their duties in a good and workmanlike manner and the Project suffered as a result.

11.

During the course of the Project, the Bank repeatedly promised the Owner that the Bank would re-structure and/or extend the loan if the Owner undertook certain activities.

12.

The Owner reasonably relied on the Bank's promises and complied with the Bank's requests.

13.

In doing so, the Owner expended significant sums of money.

14.

After the Owner complied with the Bank's requests, the Bank refused to perform as promised and, instead, called the loan to the Owner into default.

15.

The Bank has taken similar improper actions and exerted similar improper control with regard to the 5300 Peachtree Project.

16.

Bu its actions, the Bank has moved beyond the activities of a conventional lender and has assumed a fiduciary duty to the Owner and Mr. Hill.

17.

As a result, of the Bank's improper actions in connection with the Project, the 5300 Peachtree Project, Mr. Hill has suffered losses, costs, injuries, and damages in an amount to be determined at trial, but which are not less than $5,000,000.

18.

All conditions precedent to Cabana West's and Mr. Hill's right to maintain this action have occurred, have been satisfied, and/or have been waived.

## COUNT 1 - LENDER LIABILITY

19.

The Defendants restate and incorporate by reference as if set forth fully herein the averments contained in paragraphs 1 through 18 of the Counterclaim above.

20.

By its actions set forth above, the Bank assumed toward the Defendants a fiduciary relationship.

21.

By its actions as set forth above, the Bank assumed toward the Defendants a duty to ensure that the Project and/or the 5300 Project were completed in an efficient and cost-effective manner.

22.

The Bank owed the Defendants a duty to act in a good faith and to deal fairly with the Defendants in connection with the loan, the Project, and/or the 5300 Peachtree Project.

23.

By its acts and omissions as set forth above, the Bank has breached its duties to the Defendants.

24.

As a direct and proximate result of the Bank's wrongful acts and omissions as set forth above, the Defendants have suffered losses, costs, injuries, and damages in an amount to be determined at trial.

25.

As a result of the Bank's wrongful acts and omissions as set forth above, the Bank should be estopped from enforcing the terms of the contracts at issues in this action.

26.

By its acts and omissions as set forth above, the Bank has acted in bad faith, has been stubbornly litigious, and/or has caused the Defendants unnecessary trouble and expense, entitling the Defendants to recover their costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the Defendants pray this Court,

(1) Enter judgment against the Bank and in favor of the Defendants under the Counterclaim and award the Defendants damages in an amount to be proven at trial, but which amount is not less than $5,000,000, plus interest as allowed by law;

(2) Award the Defendants their costs and expenses of this action, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11;

(3) Tax all costs of this action against the Bank; and

(4) Grant the Defendants such other and further relief as the Court deems just and proper.

This _1st_ day of April, 2008.

                    Respectfully submitted,

                    MORRIS, MANNING & MARTIN, LLP

                    By: _____
                        William J. Sheppard
                        Georgia Bar No. 641980
                        Admitted Pro Hac Vice

                    Attorneys for Cabana West
                    and Miles Hill

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000
(404) 365-9532 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

WACHOVIA BANK, N.A.,                    )
                                        )
    Plaintiff/Counterclaim          )
    Defendant,                      )    CIVIL ACTION FILE
v.                                      )    NO. 3:07-CV-993-MHT-WC
                                        )
CABANA WEST, L.P.,                      )
MILES E. HILL, JR., and                 )
RUDOLPH BEAVER,                         )
                                        )
    Defendants/Counterclaim         )
    Plaintiffs.                     )

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the within and foregoing **AMENDED COUNTERCLAIM** to be served upon all parties in the above-styled action via United States Mail, addressed to the following:

> D. Christopher Carson, Esq.
> Jason Woodard, Esq.
> Burr & Forman, LLP
> 420 North 20th Street
> Suite 4300 – Wachovia Tower
> Birmingham, Alabama 35203
>
> Lee R. Benton, Esq.
> Benton & Centeno, LLP
> 2019 Third Avenue
> Birmingham, Alabama 35203

This ___1st___ day of April, 2008.

William J. Sheppard
Georgia Bar No. 641980