IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

WACHOVIA BANK, N.A.,          )
         )
    Plaintiff/Counterclaim   )
    Defendant,         )  CIVIL ACTION FILE
v.                    )  NO. 3:07-CV-993-MHT-WC
         )
CABANA WEST, L.P.,       )
MILES E. HILL, JR., and    )
RUDOLPH BEAVER,        )
         )
    Defendants/Counterclaim  )
    Plaintiffs.        )

## OBJECTIONS AND RESPONSES TO WACHOVIA'S DISCOVERY REQUESTS TO MILES E. HILL, JR.

Pursuant to Rules 33, 34, and 36, Miles E. Hill, Jr. serves his Objections and Responses to Plaintiff Wachovia Bank, N.A.'s (the "Bank") First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents (the "Discovery Requests"), showing this Court as follows:

### GENERAL OBJECTIONS

1.

Mr. Hill objects to the Discovery Requests to the extent that they purport to impose obligations on Mr. Hill in excess of those allowed by the Federal Rules of Civil Procedure.

2.

Mr. Hill objects to the Discovery Requests to the extent that they purport to require disclosure of information or documents that are protected from discovery by the attorney-

client privilege, the work-product doctrine, and/or any other applicable privilege.

3.

Mr. Hill objects to the Discovery Requests to the extent that they purport to require disclosure of information and documents that are neither relevant to the claims and defenses presented in this action nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Mr. Hill responds to the Discovery Requests as follows:

<u>REQUESTS FOR ADMISSION</u>

**Request No. 1**: Admit that you signed the Guaranty.

**Response**: Admitted.

**Request No. 2**: Admit that you signed the Guarantors' Consent and Reaffirmation.

**Response**: Admitted.

**Request No. 3**: Admit that, pursuant to the Guaranty as amended by the Guarantor's Consent and Reaffirmation, you guaranteed the performance of all obligations of Cabana West to Wachovia under the Loan Documents.

**Response**: Admitted.

**Request No. 4**: Admit that the Loan matured on March 31, 2008.

**Response**: Admitted.

**Request No. 5**: Admit that the loan has not been paid in full.

**Response**: Admitted.

**Request No. 6:**  Admit that your obligations under the Loan Documents include the principal sum of $27,500,000.00, unpaid interest thereon, late fees, expenses of collection, including attorneys' fees, and the costs of this civil action.

**Response:**  Denied.

**Request No. 7:**  Admit that the balance owed on the Loan as of April 11, 2008, exclusive of attorneys' fees and costs, totaled $30,594,072.70.

**Response:**  Denied.

**Request No. 8:**  Admit that, pursuant to paragraph 4 of the Guarantor's Consent and Reaffirmation, you released Wachovia from any and all claims existing as of September 29, 2006.

**Response:**  Admitted.

**Request No. 9:**  Admit that you signed the Letter Agreement on or about January 25, 2007.

**Response:**  Admitted.

**Request No. 10:**  Admit that section 7.4 of the Loan Agreement expressly authorizes Wachovia to retain inspectors to visit and inspect the Project.

**Response:**  Admitted, but Wachovia exercised this contractual right in bad faith.

**Request No. 11:**  Admit that section 5.8 of the Loan Agreement expressly authorizes Wachovia to retain the services of a construction consultant at the expense of Cabana West.

**Response:**  Admitted, by Wachovia exercised this contractual right in bad faith.

**Request No. 12:**  Admit that Wachovia is not in breach of any provision of the Loan Agreement.

**Response:**  Denied.

Hill Discovery Responses.DOC          MMMBUCKHEAD-#2013533-v1-CHARTER-

**Request No. 13:** Admit that pursuant to section 2.12 of the Loan Agreement, Wachovia disclaimed any duty or responsibility to inspect the construction progress of the Project.

**Response:** Admitted.

## INTERROGATORIES

**Interrogatory No. 1:** Please identify the person or persons who prepared the answers to these Interrogatories.

**Response:** These responses were prepared by counsel for Mr. Hill with input, assistance, and confirmation from Mr. Hill.

**Interrogatory No. 2:** Please identify all documents reviewed, in whole or in part, in responding to these Interrogatories.

**Response:** Mr. Hill objects to the Interrogatory on the grounds that it requires Mr. Hill's counsel to disclose mental impressions and opinions and therefore seeks privileged information. Non-privileged documents relating to the claims and defenses in this action will be produced at a mutually convenient time and place.

**Interrogatory No. 3:** Please identify each person who was contacted in the course of answering these interrogatories or who provided information relevant to the answering of these interrogatories and attach any documents which support your response to this Interrogatory.

**Response:** Miles Hill.

**Interrogatory No. 4:** Please identify each and every person who has knowledge of any facts related to the matters referred to in the Complaint.

**Response:** Miles Hill, Rudolph Beaver, and Andy Raine. Mr. Hill may be contacted through the undersigned counsel for Mr. Hill. Upon information and belief, Mr. Beaver may be contacted

through his counsel of record in this action. Upon information and belief, Mr. Raine may be contacted through Wachovia's counsel.

**Interrogatory No. 5:** Please identify each and every person who has knowledge of any facts related to any defense asserted by Cabana West in its Answer and/or any claim asserted by Cabana West in its Counterclaim.

**Response:** Mr. Hill restates and incorporates by reference its response to Interrogatory No. 4 above.

**Interrogatory No. 6:** If you or anyone acting on your behalf has obtained a statement from any person regarding any of the events referred to in the pleadings, set forth as to each such statement:

(a) the name and address of the person(s) making the statement and of the person(s) who obtained the statement;

(b) the date, time and place of the statement and the identify of all persons present when the statement was made;

(c) the substance of the statement; and

(d) if such statement(s) was put in or reduced to writing, identify and attach a copy of said document(s).

**Response:** Mr. Hill has obtained no written statements from any third parties.

**Interrogatory No. 7:** Please identify each and every witness you presently intend to call at the trial of this matter and set forth the topic and/or subject matter as to which each said witness is expected to testify. (Please note that this is a continuing request).

**Response:** Mr. Hill has not yet identified which, if any, witnesses he will call at the trial of this case. All "will call" and "may call" witnesses will be identified in the pre-trial order in this action.

**Interrogatory No. 8:** Pursuant to Rule 26 of the Federal Rules of Civil Procedure, identify any expert witness(es) you intend to call to testify on your behalf at the trial of this case, and with regard to each expert witness, state with particularity (a) the subject matter of which the expert is expected to testify; and (b) the substance of the facts and opinions to which the expert is expected to testify, including a summary of the grounds for each opinion.

**Response:** Mr. Hill has not yet identified any expert witnesses that he intends to call at the trial of this action. If any such experts are identified, Mr. Hill will supplement this response and provide information required by the Federal Rules of Civil Procedure.

**Interrogatory No. 9:** Please identify any and all documents or writings which you intend to use in cross-examination of any witnesses, including experts, for any reason, including, but not limited to, impeachment of credibility. (Please note that this is a continuing request).

**Response:** Mr. Hill has not yet identified which, if any, documents he will use as evidence at the trial in this action. All exhibits to be introduced by Mr. Hill at trial will be identified in the pre-trial order.

Hill Discovery Responses.DOC
MMMBUCKHEAD-#2013533-v1-CHARTER-

**Interrogatory No. 10:**  Please identify any communications with Wachovia regarding Cabana West and/or the Loan, and with regard to each such communication, identify:

(a)  all persons who were present during the communication(s);

(b)  the date, time and place of the communication(s);

(c)  the substance of the communication(s); and

(d)  if the substance of such communication(s) was written, put in or reduced to writing, identify and attach a copy of said document(s).

**Response:**  Mr. Hill objects to Interrogatory No. 10 on the grounds that it is overly broad and unduly burdensome.  The information requested is already known to Wachovia as it was party to the communications.  Subject to and without waiving the foregoing objections, Mr. Hill states that he will produce documents reflecting the communications that are the subject of the Interrogatory at a time and place mutually convenient to the parties.

**Interrogatory No. 11:**  Please describe each category of damages you are seeking in your Counterclaim by description and dollar amount.  Your description of each dollar amount you are seeking should include, without limitation, supporting calculations and documentation which detail how you arrived at that specified dollar amount, including deductions related to mitigation of your alleged damages.

**Response:**  Mr. Hill seeks to recover damages that resulted from Wachovia's bad faith and improper actions during the construction of the project at issue in this action.  Those damages include excess interest as a result of delays in completion of the project, excess costs charged to Mr. Hill by

Wachovia, and diminution of the value of the project as a result
of the failure by Wachovia to advance sufficient funds to
complete the project in accordance with the loan documents.
Discovery is ongoing in this case and the exact amount of Mr.
Hill's loss is not yet known. Mr. Hill will supplement this
response when additional information becomes available.

**Interrogatory No. 12:** Please describe all efforts
undertaken by you to mitigate any alleged damages set forth in
your counterclaim.

**Response:** Mr. Hill and the Owner have attempted to
complete the Project despite the intentional and bad
interference by Wachovia. Additionally, Mr. Hill and the Owner
have sought alternative sources of financing for the Project.

**Interrogatory No. 13:** Please describe with specificity any
and all facts which support your assertion that Wachovia assumed
control of the Project.

**Response:** Wachovia directed the Owner to have a specific
person direct the construction and administration of the
Project, thereby assuming control of it.

**Interrogatory No. 14:** Please describe with specificity any
and all alleged breaches by Wachovia of the Loan Agreement.

**Response:** Mr. Hill objects to Interrogatory No. 14 on the
grounds that it is premature as discovery is ongoing in this
action. Therefore, all of Wachovia's breaches may not be known.
Subject to and without waiving the foregoing objections, Mr.
Hill states that Wachovia committed to refinancing the loan if
the Owner took certain steps, then refused to refinance after

MMMBUCKHEAD-#2013533-v1-CHARTER-

the Owner complied with its obligations.  Additionally, Wachovia exercised its contractual rights in bad faith.  Mr. Hill reserves the right to supplement and amend this response.

**Interrogatory No. 15**:  Have you ever been a party, either as plaintiff or defendant, to any other lawsuit?  If so, please provide the style of the lawsuit, whether it was in state, federal, or bankruptcy court, which county or district, and the civil action number.

**Response**:  Mr. Hill objects to Interrogatory No. 15 on the grounds that it seeks the production of information and documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUESTS FOR PRODUCTION**

**Request No. 1**:  Produce any documents identified by you in your responses to the foregoing interrogatories.

**Response**:  Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 2**:  Produce any and all documents developed, maintained, or possessed by Hill which refer or relate in any manner to the matters referred to in the Complaint, the Answer and/or the Counterclaim.

**Response**:  Non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 3:** Produce any and all documents that prove or tend to prove any of the claims or defenses that are or may be asserted by Hill or any of the claims or defenses made by Wachovia in this lawsuit.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 4:** Produce any and all files of any nature whatsoever of Hill's concerning Wachovia.

**Response:** Mr. Hill objects to Request No. 4 on the grounds that it seeks the production of documents that are protected from discovery by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, Mr. Hill states that non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 5:** Produce any and all documents of whatsoever nature evidencing any communications between Hill and Wachovia.

**Response:** Non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 6:** Produce any and all documents of whatsoever nature evidencing any communications between Hill and Beaver, including, without limitation, communications between Hill and Beaver concerning the Advance Requests.

**Response:** Mr. Hill objects to Request No. 6 on the grounds that it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, and/or the common-interest privilege. Subject

to and without waiving the foregoing objections, Mr. Hill states that non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 7:** Produce all Advance Requests and any and all documents related to the Advance Requests.

**Response:** Non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 8:** Produce any and all correspondence that mentions, refers to, or relates to Wachovia.

**Response:** Mr. Hill objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are neither relevant to the claims and defenses in this case nor reasonably likely to lead to the discovery of admissible evidence. Mr. Hill objects to the Request on the grounds that it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, and/or the common-interest privilege. Subject to and without waiving the foregoing objections, Mr. Hill states that non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

Hill_Discovery_Responses.DOC            MMMBUCKHEAD-#2013533-v1-CHARTER-

**Request No. 9:**  Produce all documents which evidence, refer, or relate in any way to any formal investigation or inquiry by you or any other person (other than your attorney) into the matters which form the basis of the Counterclaim.

**Response:**  Mr. Hill is unaware of any documents responsive to this Request.

**Request No. 10:**  Produce any and all documents that you or your counsel have provided to any expert retained to provide testimony in this matter.

**Response:**  Mr. Hill states that it has not yet retained any person who will testify at trial in this action.  Therefore, Mr. Hill has no non-privileged documents responsive to this Request.

**Request No. 11:**  Produce all documents and photographs which you may offer at the trial of this action.

**Response:**  Mr. Hill has not identified the documents that he will offer into evidence at the trial of this action.  Mr. Hill will disclose those documents in the pre-trial order in this case.

This _19th_ day of May, 2008.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By:/s/ _William J. Sheppard_
   William J. Sheppard
   Georgia Bar No. 641980
   Admitted Pro Hac Vice

Attorneys for Cabana West

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000
(404) 365-9532 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

WACHOVIA BANK, N.A.,                    )
                                        )
    Plaintiff/Counterclaim             )
    Defendant,                         )    CIVIL ACTION FILE
v.                                      )    NO. 3:07-CV-993-MHT-WC
                                        )
CABANA WEST, L.P.,                      )
MILES E. HILL, JR., and                 )
RUDOLPH BEAVER,                         )
                                        )
    Defendants/Counterclaim            )
    Plaintiffs.                        )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the within and foregoing **OBJECTIONS AND RESPONSES TO WACHOVIA'S DISCOVERY REQUESTS TO CABANA WEST, L.P.** to be served upon all parties in the above-styled action via United States Mail, addressed to the following:

        D. Christopher Carson, Esq.
        Jason Woodard, Esq.
        Burr & Forman, LLP
        420 North 20th Street
        Suite 4300 – Wachovia Tower
        Birmingham, Alabama 35203

        Lee R. Benton, Esq.
        Benton & Centeno, LLP
        2019 Third Avenue
        Birmingham, Alabama 35203

This 19th day of May, 2008.

                            /s/ William J. Sheppard
                            William J. Sheppard
                            Georgia Bar No. 641980