IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WACHOVIA BANK, N.A., )<br>)<br>Plaintiff/Counterclaim )<br>Defendant, )<br>v. )<br>)<br>CABANA WEST, L.P., )<br>MILES E. HILL, JR., and )<br>RUDOLPH BEAVER, )<br>)<br>Defendants/Counterclaim )<br>Plaintiffs. ) | CIVIL ACTION FILE<br>NO. 3:07-CV-993-MHT-WC |

OBJECTIONS AND RESPONSES TO WACHOVIA'S
DISCOVERY REQUESTS TO CABANA WEST, L.P.

Pursuant to Rules 33, 34, and 36, Cabana West, L.P. (the "Owner") serves its Objections and Responses to Plaintiff Wachovia Bank, N.A.'s (the "Bank") First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents (the "Discovery Requests"), showing this Court as follows:

GENERAL OBJECTIONS

1.

The Owner objects to the Discovery Requests to the extent that they purport to impose obligations on the Owner in excess of those allowed by the Federal Rules of Civil Procedure.

2.

The Owner objects to the Discovery Requests to the extent that they purport to require disclosure of information or

documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege.

3.

The Owner objects to the Discovery Requests to the extent that they purport to require disclosure of information and documents that are neither relevant to the claims and defenses presented in this action nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, the Owner responds to the Discovery Requests as follows:

### REQUESTS FOR ADMISSION

**Request No. 1:** Admit that the Loan matured on March 31, 2008.

**Response:** Admitted.

**Request No. 2:** Admit that Cabana West has failed to pay the Loan in full.

**Response:** Admitted.

**Request No. 3:** Admit that Cabana West's obligations under the Loan Documents include the principal sum of $27,500,000.00, unpaid interest thereon, late fees, expenses of collection, including attorneys' fees, and the costs of this civil action.

**Response:** Denied.

**Request No. 4:** Admit that the balance owed on the Loan as of April 11, 2008, exclusive of attorneys' fees and costs, totaled $30,594,072.70.

**Response:** Denied.

**Request No. 5:** Admit that paragraph 4 of the Note provides that Cabana West is obligated to pay Wachovia's cost of collecting the amounts due under the Note, including attorneys' fees and other costs.

**Response:** Admitted.

**Request No. 6:** Admit that section 7.4 of the Loan Agreement expressly authorizes Wachovia to retain inspectors to visit and inspect the Project.

**Response:** Admitted, but Wachovia exercised this contractual right in bad faith.

**Request No. 7:** Admit that section 5.8 of the Loan Agreement expressly authorizes Wachovia to retain the services of a construction consultant at the expense of Cabana West.

**Response:** Admitted, by Wachovia exercised this contractual right in bad faith.

**Request No. 8:** Admit that Wachovia is not in breach of any provision of the Loan Agreement.

**Response:** Denied.

**Request No. 9:** Admit that, pursuant to paragraph 9 of the amendment to the Loan Agreement, Cabana West released Wachovia from any and all claims existing as of September 29, 2006.

**Response:** Admitted.

**Request No. 10:** Admit that pursuant to section 2.12 of the Loan Agreement, Wachovia disclaimed any duty or responsibility to inspect the construction progress of the Project.

**Response:** Admitted.

## INTERROGATORIES

**Interrogatory No. 1:** Please identify the person or persons who prepared the answers to these Interrogatories.

**Response:** These responses were prepared by counsel for the Owner with input, assistance, and confirmation from Miles Hill.

**Interrogatory No. 2:** Please identify all documents reviewed, in whole or in part, in responding to these Interrogatories.

**Response:** The Owner objects to the Interrogatory on the grounds that it requires the Owner's counsel to disclose mental impressions and opinions and therefore seeks privileged information. Documents relating to the claims and defenses in this action will be produced at a mutually convenient time and place.

**Interrogatory No. 3:** Please identify each person who was contacted in the course of answering these interrogatories or who provided information relevant to the answering of these interrogatories and attach any documents which support your response to this Interrogatory.

**Response:** Miles Hill.

**Interrogatory No. 4:** Please identify each and every person who has knowledge of any facts related to the matters referred to in the Complaint.

**Response:** Miles Hill, Rudolph Beaver, and Andy Raine. Mr. Hill may be contacted through the undersigned counsel for the Owner. Upon information and belief, Mr. Beaver may be contacted through his counsel of record in this action. Upon information and belief, Mr. Raine may be contacted through Wachovia's counsel.

**Interrogatory No. 5:** Please identify each and every person who has knowledge of any facts related to any defense asserted by Cabana West in its Answer and/or any claim asserted by Cabana West in its Counterclaim.

**Response:** The Owner restates and incorporates by reference its response to Interrogatory No. 4 above.

**Interrogatory No. 6:** If you or anyone acting on your behalf has obtained a statement from any person regarding any of the events referred to in the pleadings, set forth as to each such statement:

(a) the name and address of the person(s) making the statement and of the person(s) who obtained the statement;

(b) the date, time and place of the statement and the identify of all persons present when the statement was made;

(c) the substance of the statement; and

(d) if such statement(s) was put in or reduced to writing, identify and attach a copy of said document(s).

**Response:** The Owner has obtained no written statements from any third parties.

**Interrogatory No. 7:** Please identify each and every witness you presently intend to call at the trial of this matter and set forth the topic and/or subject matter as to which each said witness is expected to testify. (Please note that this is a continuing request).

**Response:** The Owner has not yet identified which, if any, witnesses it will call at the trial of this case. All "will call" and "may call" witnesses will be identified in the pre-trial order in this action.

**Interrogatory No. 8:** Pursuant to Rule 26 of the Federal Rules of Civil Procedure, identify any expert witness(es) you intend to call to testify on your behalf at the trial of this case, and with regard to each expert witness, state with particularity (a) the subject matter of which the expert is expected to testify; and (b) the substance of the facts and opinions to which the expert is expected to testify, including a summary of the grounds for each opinion.

**Response:** The Owner has not yet identified any expert witnesses that it intends to call at the trial of this action. If any such experts are identified, the Owner will supplement

this response and provide information required by the Federal Rules of Civil Procedure.

**Interrogatory No. 9:** Please identify any and all documents or writings which you intend to use in cross-examination of any witnesses, including experts, for any reason, including, but not limited to, impeachment of credibility. (Please note that this is a continuing request).

**Response:** The Owner has not yet identified which, if any, documents it will use as evidence at the trial in this action. All exhibits to be introduced by the Owner at trial will be identified in the pre-trial order.

**Interrogatory No. 10:** Please identify any communications with Wachovia regarding Cabana West and/or the Loan, and with regard to each such communication, identify:

(a) all persons who were present during the communication(s);

(b) the date, time and place of the communication(s);

(c) the substance of the communication(s); and

(d) if the substance of such communication(s) was written, put in or reduced to writing, identify and attach a copy of said document(s).

**Response:** The Owner objects to Interrogatory No. 10 on the grounds that it is overly broad and unduly burdensome. The information requested is already known to Wachovia as it was party to the communications. Subject to and without waiving the foregoing objections, the Owner states that it will produce documents reflecting the communications that are the subject of the Interrogatory at a time and place mutually convenient to the parties.

**Interrogatory No. 11:** Please describe each category of damages you are seeking in your Counterclaim by description and dollar amount. Your description of each dollar amount you are seeking should include, without limitation, supporting calculations and documentation which detail how you arrived at that specified dollar amount, including deductions related to mitigation of your alleged damages.

**Response:** The Owner seeks to recover damages that resulted from Wachovia's bad faith and improper actions during the construction of the project at issue in this action. Those damages include excess interest as a result of delays in completion of the project, excess costs charged to the Owner by Wachovia, and diminution of the value of the project as a result of the failure by Wachovia to advance sufficient funds to complete the project in accordance with the loan documents. Discovery is ongoing in this case and the exact amount of the Owner's loss is not yet known. The Owner will supplement this response when additional information becomes available.

**Interrogatory No. 12:** Please describe all efforts undertaken by you to mitigate any alleged damages set forth in your counterclaim.

**Response:** The Owner has attempted to complete the project despite the intentional and bad interference by Wachovia. Additionally, the Owner has sought alternative sources of financing for the project.

**Interrogatory No. 13:** Please describe with specificity any and all facts which support your assertion that Wachovia assumed control of the Project.

**Response:** Wachovia directed the Owner to have a specific person direct the construction and administration of the Project, thereby assuming control of it.

**Interrogatory No. 14:** Please describe with specificity any and all alleged breaches by Wachovia of the Loan Agreement.

**Response:** The Owner objects to Interrogatory No. 14 on the grounds that it is premature as discovery is ongoing in this action. Therefore, all of Wachovia's breaches may not be known. Subject to and without waiving the foregoing objections, the Owner states that Wachovia committed to refinancing the loan if the Owner took certain steps, then refused to refinance after the owner complied with its obligations. Additionally, Wachovia exercised its contractual rights in bad faith. The Owner reserves the right to supplement and amend this response.

**Interrogatory No. 15:** Have you ever been a party, either as plaintiff or defendant, to any other lawsuit? If so, please provide the style of the lawsuit, whether it was in state, federal, or bankruptcy court, which county or district, and the civil action number.

**Response:** The Owner objects to Interrogatory No. 15 on the grounds that it seeks the production of information and documents that are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUESTS FOR PRODUCTION

**Request No. 1:** Produce all Loan Documents in the possession, custody or control of Cabana West.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 2:** Produce all Advance Requests and any and all documents related to the Advance Requests.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 3:** Produce all construction progress reports and/or summaries related to the Project.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 4:** Produce all construction cost analyses for the Project.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 5:** Produce any documents identified by you in your responses to the foregoing interrogatories.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 6:** Produce any and all documents developed, maintained, or possessed by Cabana West which refer or relate in any manner to the matters referred to in the Complaint, the Answer and/or the Counterclaim.

**Response:** Non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

<u>Request No. 7</u>: Produce any and all documents that prove or tend to prove any of the claims or defenses that are or may be asserted by Cabana West or any of the claims or defenses made by Wachovia in this lawsuit.

<u>Response</u>: Documents responsive to this Request will be produced at a mutually convenient time and place.

<u>Request No. 8</u>: Produce any and all files of any nature whatsoever of Cabana West's concerning Wachovia.

<u>Response</u>: The Owner objects to Request No. 8 on the grounds that it seeks the production of documents that are protected from discovery by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, the Owner states that non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

<u>Request No. 9</u>: Produce any and all documents of whatsoever nature evidencing any communications between Cabana West and Wachovia.

<u>Response</u>: Non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

<u>Request No. 10</u>: Produce any and all documents of whatsoever nature evidencing any communications between Beaver and Cabana West.

<u>Response</u>: The Owner objects to Request No. 10 on the grounds that it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, and/or the common-interest privilege.

Subject to and without waiving the foregoing objections, the Owner states that non-privileged documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 11:** Produce any and all documents of whatsoever nature evidencing any communications between Hill and Wachovia.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 12:** Produce any and all documents of whatsoever nature evidencing any communications between Beaver and Wachovia.

**Response:** Documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 13:** Produce any and all documents of whatsoever nature evidencing any communications between Hill and Beaver.

**Response:** The Owner objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are neither relevant to the claims and defenses in this case nor reasonably likely to lead to the discovery of admissible evidence. The Owner objects to the Request on the grounds that it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, and/or the common-interest privilege. Subject to and without waiving the foregoing objections, the Owner states that non-privileged

documents responsive to this Request will be produced at a mutually convenient time and place.

**Request No. 14:** Produce any and all correspondence that mentions, refers to, or relates to Wachovia.

**Response:** The Owner restates and incorporates by reference its objections and response to Request No. 13 above.

**Request No. 15:** Produce all documents which evidence, refer, or relate in any way to any formal investigation or inquiry by you or any other person (other than your attorney) into the matters which form the basis of the Counterclaim.

**Response:** The Owner is unaware of any documents responsive to this Request.

**Request No. 16:** Produce any and all documents that you or your counsel have provided to any expert retained to provide testimony in this matter.

**Response:** The Owner states that it has not yet retained any person who will testify at trial in this action. Therefore, the Owner has no non-privileged documents responsive to this Request.

**Request No. 17:** Produce all documents and photographs which you may offer at the trial of this action.

**Response:** The Owner has not identified the documents that it will offer into evidence at the trial of this action. The Owner will disclose those documents in the pre-trial order in this case.

This 19th day of May, 2008.

        Respectfully submitted,

        **MORRIS, MANNING & MARTIN, LLP**

        By: */s/ William J. Sheppard*
            William J. Sheppard
            Georgia Bar No. 641980
            Admitted Pro Hac Vice

        Attorneys for Cabana West

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000
(404) 365-9532 (fax)

Cabana Discovery Respones.DOC   MMMBUCKHEAD-#1991802-v1-CHARTER-

```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF ALABAMA
```

WACHOVIA BANK, N.A.,                )
                                    )
   Plaintiff/Counterclaim       )
   Defendant,                   )   CIVIL ACTION FILE
v.                                  )   NO. 3:07-CV-993-MHT-WC
                                    )
CABANA WEST, L.P.,                  )
MILES E. HILL, JR., and             )
RUDOLPH BEAVER,                     )
                                    )
   Defendants/Counterclaim      )
   Plaintiffs.                  )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the within and foregoing **OBJECTIONS AND RESPONSES TO WACHOVIA'S DISCOVERY REQUESTS TO CABANA WEST, L.P.** to be served upon all parties in the above-styled action via United States Mail, addressed to the following:

> D. Christopher Carson, Esq.
> Jason Woodard, Esq.
> Burr & Forman, LLP
> 420 North 20th Street
> Suite 4300 – Wachovia Tower
> Birmingham, Alabama 35203
>
> Lee R. Benton, Esq.
> Benton & Centeno, LLP
> 2019 Third Avenue
> Birmingham, Alabama 35203

This 19th day of May, 2008.

> /s/ William J. Sheppard
> William J. Sheppard
> Georgia Bar No. 641980